{¶ 57} I concur in judgment only with the majority. I am compelled to follow this court's precedent in North Olmsted v. Himes, State v.Coon, and State v. Morgan cited by the majority. Nevertheless, I find the procedural deficiencies in the trial court's ruling to be a matter of form over substance.
 {¶ 58} The victim gave a nonresponsive answer to both the state and defense that undermined the trial court's earlier ruling on the application of the rape shield law. In light of the victim's young age and maturity level, it is understandable how the victim could unknowingly disclose damaging facts in her responses. Nevertheless, those responses created a difficult, if not impossible, situation for the trial court.
 {¶ 59} The transcript reflects that when the first nonresponsive answer was given to the question by the state, the trial court did not issue a curative instruction, stating that the court thought it would draw too much attention to the testimony. When the response was repeated a second time by the victim during cross-examination, the court felt that irreparable damage was done. In this instance, the trial court was placed in the untenable position of having to "put the genie back in the bottle."
 {¶ 60} While the law dictates that a hearing should be held and the court should allow the parties to state their respective positions and explore reasonable *Page 17 
alternatives before declaring a mistrial, I am not certain what would have been gained by such inquiry under these facts. This is not a case where the parties were afforded no opportunity to state their respective positions. While there is no question the trial court did not allow the parties to fully argue the facts and law concerning the appropriateness of declaring a sua sponte mistrial, a discussion, albeit limited, was held on the record before the court discharged the jury. Defense counsel was able to briefly argue that he did not elicit impermissible testimony (a position I agree with) and that he did not want a mistrial. He also noted there was no objection to his questions by the state. The court also gave the state an opportunity to be heard, and although the state said nothing, it did have the opportunity to state its position.
 {¶ 61} While I believe the trial court exercised what was the only option under the circumstances, nevertheless, I must concur with the judgment of the majority based on existing case law addressing this issue. *Page 1